(121 App. Div. 404.)

KING v. FORD et al.

(Supreme Court, Appellate Division, Second Department.   October 4, 1907.)

1. MASTER AND SERVANT—NEGLIGENCE—INJURIES TO SERVANT—SUFFICIENCY OF
EVIDENCE.
   In an action against a master for wrongful death of a servant killed
by the falling of a rock in an excavation wherein deceased was working,
evidence examined, and *held* insufficient to show negligence on defend-
ant's part.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-
ant, §§ 954–977.]

2. SAME—ASSUMPTION OF RISK.
   A servant working in an excavation made by fellow servants assumes
the risk of being injured by the falling of a rock resulting from the neg-
ligence of his fellow servants in failing to properly clear away the loose
rocks on the side of the excavation.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-
ant, §§ 567–573.]

Appeal from Trial Term, Westchester County.

Action by Annie E. King, as administratrix, etc., against Porter
D. Ford and another.   From a judgment for plaintiff and from an
order refusing a new trial, defendants appeal.   Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOK-
ER, and RICH, JJ.

Frederick E. Fishel, for appellants.
M. B. Patterson, for respondent.

WOODWARD, J.  The defendants were engaged as contractors in
excavating earth and rock and constructing certain cement walls at
Ossining for the New York Central & Hudson River Railroad Com-
pany on and prior to the 2d day of March, 1906.   Plaintiff's intestate
was an employé of the defendants, and constituted one of the mem-
bers of the gang engaged in constructing the cement wall.   Some days
prior to the 2d day of March, on which date the plaintiff's intestate
was killed through the falling of a rock upon him, a second gang,
employed by the defendants, had exploded a large blast of giant
powder or other high explosive in the work of preparing the way for
the construction of the cement wall.   This left the excavation walls
in a rough and uneven condition, the testimony showing that the
blasted rock was cracked in many directions, some portions of it pro-
jecting beyond the general lines of the wall, and the alleged neg-
ligence on the part of the defendants consisted in a failure on their
part, as it is claimed, to afford the plaintiff's intestate a reasonably safe
place in which to perform his work of constructing the cement wall.
The particular neglect was an alleged failure on the part of the de-
fendants to properly clear away the loose rock and débris after the
explosion; it being conceded that plaintiff's intestate was killed by
the falling of a rock which had been left projecting 12 to 18 inches
after the blast.   Motions to dismiss the complaint and for the direction
of a verdict were made and denied, and these exceptions present the
principal questions raised upon this appeal from the judgment in fa-
vor of the plaintiff.

Unless the case of Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021, is overruled by that of Simone v. Kirk, 173 N. Y. 7, 65 N. E. 739, we are unable to understand how the plaintiff can recover in this action. Plaintiff's intestate was employed in a common work of excavating for and constructing a cement wall; the work was being carried on in a limited section of about 50 feet, and there is nothing in the evidence to show that he was not fully familiar with all of the facts connected with the work. There is no suggestion that the place originally furnished for him to work in was not as safe as the circumstances and the nature of the work permitted, and the mere fact that the place became unsafe through the negligence of fellow servants in failing to properly perform a detail of the work which might be intrusted to reasonably skillful employés does not impose a liability upon these defendants. Plaintiff's intestate knew the nature of the work. He knew that a blast had been fired, that the rock had been thrown out in large quantities, and the fact of the projecting rock was as obvious to him as it could have been to the defendants if they had been personally present. There was undisputed evidence in the case of the custom of cleaning down these walls after an explosion, and of the fact that men had actually passed over this particular part of the wall, and had, by the use of sledges and other tools, cut away the projecting end of the rock only the day before the accident. There is some evidence that there was a rainstorm the day before the accident, and this may have loosened the earth around the rock in such a manner as to make it unsafe after the time that it was inspected and cut away, but, if this was the case, there was no possible evidence of any lack of care on the part of the defendants, for they had no reason to anticipate that a rock which it had been found necessary to cut away on Tuesday—if it was Tuesday—would fall of its own weight on Wednesday. Plaintiff's intestate was not brought from a remote point and put to work in a dark place, with no warning as to the dangers, as in the Simone Case, supra. He was at work right in the immediate presence of the blasting gang. He knew the situation as well as any other man there could know it, and the defendants having furnished proper appliances and reasonably competent fellow servants, and these having performed the duty assigned to them of cleaning down the walls after the firing of a blast, how can the defendants be said to have neglected any duty which they owed to the plaintiff's intestate? Certain the defendants were not called upon to personally inspect the place at every moment of the time during all of the changes incident to the performance of the work. The place was originally as safe as it could well be, considering the undertaking, and the defendants had a right to intrust the details to the men whom it had employed, and who must be presumed to have had reasonable skill. No one in authority is alleged to have done anything negligent, or to have failed to perform any duty, other than the supposed duty of preventing this rock from falling, or of keeping the plaintiff's intestate away from the place, and we fail to see in the case anything on which negligence on the part of the defendants may be predicated. Plaintiff's intestate must be held to have assumed the risks incident to the negligence of fellow servants, and under the law

as announced in the case of Perry v. Rogers, supra, which has not been overruled by the later case cited, for it is distinguishable in its special facts, the defendants' motions for the dismissal of the complaint, or for the direction of a verdict, should have been granted.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event. All concur.